**HERRIN PETROLEUM TRANSPORT EQUIPMENT CORP., et al.,**
Appellants,

v.

**RAILROAD COMMISSION OF TEXAS,**
et al., Appellees.

No. 6290.

Court of Civil Appeals of Texas,
Waco.

June 25, 1981.

Rehearing Denied Aug. 20, 1981.

Joe T. Lanham, Thomas F. Sedberry, Lanham, Hatchell, Sedberry & Hoffman, Austin, for appellants.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., J. David Hughes, James R. Meyers, Phyllis B. Schunck, Asst. Attys. Gen., Timothy K. Mashburn, Robinson, Felts, Meyers, Starnes & Latting,

Charles E. Munson, Jr., Doherty, Birnbaum & Munson, Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Herrin and Schwerman [1] from judgment of the trial court affirming an order of the Railroad Commission cancelling the "dry commodities" portion of Herrin's Specialized Motor Carrier Certificate No. 7393, on the grounds of dormancy.

In July 1978 Herrin contracted to sell Schwerman that portion of its Certificate No. 7393 which authorized the hauling of dry commodities, and applied to the Railroad Commission for the authority to divide its certificate and sell the dry commodities portion; DSI, Norman, and Chemical [2] filed protests, and further filed complaint petitions with the Commission alleging Herrin had "discontinued" its operation of the dry commodities portion of its authority, and sought cancellation of such authority. Hearings were held on the consolidated record of the above in December 1978 and July 1979. Chemical thereafter withdrew its protest and complaint. Subsequently on September 24, 1979 the Commission adopted the Examiner's Proposal for Decision concluding Herrin's authority to transport dry bulk was dormant, and ordered that portion of Certificate No. 7393 authorizing transportation of dry bulk commodities be revoked and cancelled. Such order further dismissed as moot Herrin's application to sell such authority to Schwerman.

Herrin appealed the Commission's order to District Court, which after hearing, affirmed the Commission.

Herrin and Schwerman appeal on 4 points.

Herrin was granted a Specialized Motor Carrier Certificate in 1961 by the Commission. This certificate authorized Herrin to transport petroleum products; and additionally to transport 230 specified dry com-

1. Schwerman Trucking Company.

2. DSI Transports, Inc., Norman & Son, Inc., Chemical Express Carriers, Inc.

modities. Herrin has not transported any dry commodities under the dry commodities authority since its issuance in 1961. Herrin has solicited this type of traffic and has never refused a tender of dry commodities traffic. Herrin owns no trucks suitable to dry commodities traffic, but is financially able to purchase or lease such equipment if tendered any dry commodities to haul. Herrin has contracted to sell Schwerman the dry commodity portion of its certificate for $40,000.

Points 1, 2 and 3 assert the trial court erred in affirming the Commission's order to cancel Herrin's dry commodities authority: 1) as the Commission's decision requires Herrin to prove a public need to support its holding of the authority when in fact it had already proven such a need in 1961; 2) as the Commission has never established a policy or regulation governing the cancellation of specialized motor carrier authorities based on dormancy; and 3) as the Commission has expressly refrained from establishing a policy regarding dormancy applicable to specialized motor carriers.

The Commission had the authority to revoke and cancel the dry commodity portion of Herrin's certificate on the ground of dormancy. Article 911b, Section 12(b) gives the Commission authority to revoke any certificate where after notice and hearing it shall find that the certificate holder has "discontinued" operations. Here Herrin never commenced to utilize its authority to transport dry commodities, and has not utilized the same for some 18 years. "Failure to commence operations" is included in the term "discontinue operations". And *Brown Express, Inc. v. Railroad Commission*, Tex., 415 S.W.2d 394 is authority that the Commission may revoke the certificate of a common carrier on the ground of dormancy.

Here there is no real contention that the Commission's order is not supported by substantial evidence, and we hold that it is so supported.

Assuming the Commission has never established a policy, or has expressly refrained from establishing a policy regarding dormancy applicable to specialized motor carriers, the *Brown Express* case, supra, holds that dormancy, if raised, is an issue which the Commission must consider before it approves a sale of a certificate. Since the Commission has the authority to revoke and cancel a certificate on the ground of dormancy; and it must consider the issue of dormancy, if raised, before it approves a sale; and there is substantial evidence to support the finding of dormancy, the trial court did not err in affirming the order of the Commission.

Point 4 asserts the trial court erred in affirming the Commission's decision as it was in part based on evidence submitted by a carrier who withdrew as a party prior to the Commission's final order.

Chemical Express was a protestant and a complainant, and offered evidence at the Commission's hearing. Thereafter it withdrew its protest and complaint and was no longer a party.

Evidence does not become inadmissible or unreliable because after the evidence is received and the witness cross examined, the sponsoring party withdrew from the proceeding.

All Herrin's points are overruled.

AFFIRMED.